**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Kirk S. BIERBAUER, Respondent.**

**No. 2006–SC–0525–KB.**

Supreme Court of Kentucky.

Sept. 21, 2006.

---

***OPINION AND ORDER***

LAMBERT, Chief Justice.

This matter is before the Court on the motion of the Kentucky Bar Association (KBA) for an order confirming the automatic temporary suspension of Respondent, Kirk S. Bierbauer, KBA member number 87329, of Lexington, Kentucky, pursuant to SCR 3.166. The Court grants the motion in accordance with SCR 3.166 due to Respondent's guilty plea in the United States District Court for the Eastern District of Kentucky at Lexington.

Respondent pled guilty to violating 21 U.S.C. § 846. His plea agreement states the essential elements of that statute, as follows:

a) That the Defendant intended to commit the crime of manufacturing a controlled substance, that is methamphetamine, a schedule II controlled substance;

b) That the Defendant did some overt act that was a substantial step toward committing the crime of manufacturing a controlled substance; and

c) That the Defendant's conduct went beyond mere preparation and strongly confirmed that he intended to manufacture a controlled substance.

The plea agreement further states that the statutory punishment for this count is not more than 20 years' imprisonment, a fine of not more than $1,000,000, or both, and a term of supervised release of at least three years.

Pursuant to SCR 3.166(1), "Any member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. 'Felony' means an offense for which a sentence to a term of imprisonment of at least one (1) year was imposed. ... The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in

effect until dissolved or superseded by order of the Court."

Respondent was sentenced to a term of 24 months' incarceration and three years supervised release on July 21, 2006. In accordance with SCR 3.166(1), the Respondent was temporarily suspended beginning May 11, 2006, the day following Respondent's plea of guilty.

Therefore, it is hereby ordered that:

1. Respondent is suspended from the practice of law in the Commonwealth of Kentucky, effective May 11, 2006, until superseded by subsequent order;

2. This order shall be published for the information and benefit of all members of the bar and public; and

3. Respondent shall, pursuant to the provisions of SCR 3.390, if he has not already done so, notify all Courts in which he has matters pending, and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the entry of this Opinion and Order. Respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Respondent also shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.